## LLOYD v LLOYD BROTHERS PHARMACISTS, INC.

Common Pleas Court, Hamilton Co

Decided July 5, 1939

Francis A. Hoover and Bert H. Long, Cincinnati, for plaintiff.

Gatch, McLaughlin & Gatch, Cincinnati, for defendant.

### OPINION

By SCHNEIDER, J.

In this case the plaintiff was, on May 8, 1938, the owner of 166 2/3 shares of the capital stock of the defendant corporation, at which time the total outstanding stock, including the holdings of plaintiff, consisted of 3300 shares.

As of date, May 8, 1938, the owners of a majority of said stock effected a sale of the entire assets of defendant corporation at a price amounting to $102.50 per share.

Plaintiff registered his objection and under the provisions of §8623-72, GC, on petition filed herein, this court appointed three appraisers who were instructed to determine the fair cash value of plaintiff's stock as of the date of May 8, 1938.

On October 25, 1938, a majority of said appraisers filed their report in this court finding said fair cash value to be, as of said date, $102.50 per share. Under the same date, a minority report was filed by a dissenting appraiser who found the value of said stock to be $200.00 per share as of said date.

Thereafter a motion was filed in this court by the defendant for an order confirming the report of the majority of said appraisers. There was also filed a motion by plaintiff for an order setting aside the appraisal found in the majority report on the grounds;

1. "Said appraisal was not made and the value of said shares was not determined in accordance with the instructions of the court."
and
2. "The award, as set out in said joint appraisal, is unreasonable."

The matter came on for hearing and both sides offered testimony, in support of these two motions filed.

The court is of the opinion, and so ruled during the taking of testimony on said motions, that only such evidence should be considered as would bear upon the question whether or not the majority appraisers, in arriving at their conclusions, used an erroneous method or formula; that it would not be proper for this court to substitute its judgment for that of the appraisers or a majority of them.

Bearing this rule in mind, the court has carefully considered all of the evidence submitted and has concluded that the majority appraisers did employ an erroneous formula in arriving at the valuation fixed by them.

It appears that over the years defendant corporation had accumulated a cash fund which was invested from time

to time in Government bonds. After the sale of the company these bonds were sold for a cash price of $134,100.00. It appears further that this fund had no relationship to the operation or the conduct of the business of the defendant corporation and was merely carried on the books as an asset. While the evidence is not clear to the court, it would appear that this represented an accumulation over the years and constituted perhaps an undivided profit which was never converted into dividends and to that extent constituted, in effect, an undistributed dividend account. The majority appraisers properly considered this sum to be entirely disassociated with the operation of the business as a going concern.

In the course of the testimony quite a number of witnesses on both sides gave testimony concerning the various recognized methods used among business men, accountants, business promoters, etc., in determining the value of the capital stock of a going business concern. The results of the application of these various methods are quite startling. One witness, in the application of the method suggested by him, testified that the value of the stock of defendant corporation was somewhere around $600.00 per share. Other opinions, applying other methods, varied between that figure as the maximum and under $100.00 per share as a minimum.

This court has concluded that a reasonably safe and fair method is one wherein is determined the ▮▮▮▮▮ ▮ weighted average earnings of this corporation over a period of ten years and then using such figure as a basis of capitalization. The court approves this method as used by the majority appraisers. Under this method, in determining the weighted average of defendant corporation over a ten-year period, the earnings of the year last preceding the date of sale are given ten times the importance as are the earnings of the first year of the ten year period.

Mr. Greer, one of the majority appraisers, found the weighted average earnings of defendant corporation over a period of ten years to be approximately $26,000.00 per year.

However, the majority appraisers, in determining the value of the capital stock based upon this figure, used the multiple eight (8). It is in this that the court feels the majority appraisers erred. This constitutes a return on investment of 12½%.

The court is of the opinion that these figures should be reversed—that the weighted average earnings over a ten year period should be capitalized on an 8% basis, which would mean that the multiple to be used is twelve and one-half (12½).

The fair valuation of the capital stock of defendant corporation, based upon earnings through operation, as of the date of sale, is therefore found to be $325,000.00.

In this connection it is gathered from the evidence in this case, and as a result of general knowledge, that on the date of sale of this stock, no investment could reasonably expect more than a 4% return. A 4% return on $325,000.00 figures $13,000.00. The actual earnings of defendant corporation over a three year period immediately prior to the sale averaged $14,000.00 yearly, and it would seem that this fact is confirmation of the view held by this court that the majority appraisers erred.

Having fixed the value of the capital stock of defendant corporation as a going concern on May 8, 1938, at $325,000.00, we must add the item of cash from the sale of Liberty Bonds, namely $134,100.00, making the total value of capital stock of defendant corporation on said sale date $459,100.00. This, of course, will be divided by 3300, making $139.12, the actual value per share, to which, in the judgment of this court, the plaintiff is entitled, and proper entry may be drawn accordingly.